**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **DARSITY DONABY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 3:24-cv-03105** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SWIFT PORK COMPANY,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

---

## COMPLAINT

Plaintiff, Darsity Donaby ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Swift Pork Company ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's race based discrimination, harassment and retaliation.

2. This lawsuit also arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq*. ("ADA") seeking redress for Defendant's disability based discrimination, harassment, failure to accommodate, and retaliation.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981; 42 U.S.C. §2000e *et seq*.; and 42 U.S.C. §12101 *et seq*.

4. Venue of this action properly lies in the Central District of Illinois, Springfield

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5.      All conditions precedent have been fulfilled or been complied with.

6.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8.      This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

9.      At all times material to the allegations of this Complaint, Plaintiff, Darsity Donaby resided in Sagamon County, Illinois.

10.     At all times material to the allegations in this Complaint, Defendant Swift Pork Company was a corporation doing business in and for Cass County, Illinois, whose address 8295 Arenzville Road, Beardstown, IL 62618 and headquartered at 1770 Promontory Circle, Greeley, CO 80634.

11.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f), and 42 U.S.C. §12111(4).

12.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII and the ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §2000e(b), and 42 U.S.C. §12111(5)(A).

2

## BACKGROUND FACTS

13.    Plaintiff was hired by Defendant as a bagger on or around September 20, 2020 until her unlawful termination on or around October 24, 2023 on account of race and disability.

14.    As a bagger, Plaintiff's duties included, but were not limited to, the following:

- Bag meat;
- Operate company equipment;
- Maintain production goals; and
- Follow all safety and health protocols.

15.    Plaintiff is a member of a protected class on the basis of disability and race (African American).

16.    Plaintiff has been subjected to race based harassment by her coworkers for the duration of her employment.

17.    Plaintiff was assigned to the Pack Off line, and was the only African American employee in that section.

18.    Many of Defendant's sections seemed to be segregated by race; for example, the rib line was predominantly African American employees while the Pack Off line was predominantly Hispanic employees.

19.    The other employees on the Pack Off line were predominantly, if not all, Hispanic, and they would regularly call Plaintiff names in Spanish, treating her differently because of her race.

20.    Plaintiff reported the harassment to Nicole and Claudia in HR several times, but they never conducted an investigation or imposed corrective action.

21.    Then, on or about June 5, 2023 Plaintiff became disabled when she sustained nerve damage in her back.

22.    Plaintiff's disability causes her to experience severe pain and experience limitations

3

to her physical movement.

23.    Plaintiff's disability substantially affects her major life activities such as lifting, walking, bending, crouching, and being able to care for herself.

24.    Regardless of Plaintiff's disability, she was able to perform the essential functions of her job with or without reasonable accommodations.

25.    Plaintiff is a "qualified individual" under the ADA.

26.    Defendant was aware of Plaintiff's disability.

27.    Following the car accident, Plaintiff applied for and was approved for medical leave, which she took to care for her condition.

28.    Immediately upon her return to work, Plaintiff noticed an increased intensity in the harassment she had been subjected to, particularly from the General Operator, Carmen.

29.    Due to her disability, Plaintiff had a 15-pound lifting restriction when she returned to work.

30.    Plaintiff's essential job duties did not require heavy lifting, so she did not need to request an accommodation at first.

31.    However, the cryovac section of the line would frequently break, and instead of diverting the meat to the two other baggers on the line, Carmen wanted Plaintiff to push thousands of pork butts to a new hire to complete processing.

32.    Carmen's intent was to further harass Plaintiff and divert work away from the other two baggers who were Carmen's friends.

33.    Predictably, the new hire was unable to keep up with the process and the production lagged.

34.    Instead of addressing the root of the problem, Defendant sent Plaintiff home, falsely

asserting she was not meeting production standards.

35.     Such disciplinary measures were unwarranted and unfair because Plaintiff was meeting the performance standards for the essential duties of her job.

36.     Defendant did not impose such disciplinary measures on its non-African American employees who engaged in similar conduct.

37.     Carmen would also aggressively throw pork butts over Plaintiff's head, endangering Plaintiff.

38.     Carmen bullied Plaintiff on a constant basis, even commenting on her appearance (which was affected by her disability).

39.     Plaintiff again complained to Nicole and Claudia in HR about the harassment she was subjected to, but they again failed to investigate or impose corrective action.

40.     Plaintiff also requested an accommodation from Nicole and Claudia for when the cryovac broke so that she would not be forced to push thousands of pounds of meat down the line.

41.     Defendant could have easily diverted the meat to the two other baggers on the line with no undue burden.

42.     Instead of engaging in the interactive process to determine what accommodations could be provided, Nicole and Claudia told Plaintiff that Plaintiff was not the supervisor, and the decision was not hers to make.

43.     Instead, HR told Plaintiff that the decision was for the supervisor, Jeff Davis.

44.     Then, in or around October 2023, the cryovac broke again.

45.     With the equipment broken, Carmen again tried to force Plaintiff to push thousands of pounds of meat down the line at a rapid pace instead of diverting the meat to the two other baggers, or bringing in additional help to make up for the malfunctioning equipment.

46.     Plaintiff was concerned that she would again be unjustly punished when the production line backed up through no fault of her own.

47.     Plaintiff again requested accommodations from Nicole and Claudia, but they failed or refused to engage in the interactive process.

48.     Instead, Nicole and Claudia confirmed that Jeff Davis did not approve of Plaintiff's request for accommodations.

49.     After Defendant refused to accommodate Plaintiff, it then unfairly suspended her, blaming her for the pace of production.

50.     Ultimately, on or about October 24, 2023, Plaintiff was terminated for discriminatory and retaliatory purposes.

51.     Plaintiff was treated less favorably than other similarly situated individuals outside of her protected classes

52.     Plaintiff was ultimately targeted for termination because of her disability, race and/or for engaging in protected activity.

53.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

54.     Plaintiff reported race and disability based harassment to Defendant.

55.     There is a basis for employer liability for the harassment Plaintiff was subjected to because Defendant knew or should have known about the harassment.

56.     Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claims- because Plaintiff requested and attempted to utilize reasonable accommodations for her disability, and she complained about race and disability based harassment to HR.

## COUNT I
### Violation of 42 U.S.C. §1981
### (Race-Based Discrimination)

57. Plaintiff repeats and re-alleges paragraphs 1-56 as if fully stated herein.

58. Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

59. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

60. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

61. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

62. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

63. Plaintiff repeats and re-alleges paragraphs 1-56 as if fully stated herein.

7

64. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

65. Plaintiff met or exceeded performance expectations.

66. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

67. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

68. Plaintiff is a member of a protected class under Title VII due to Plaintiff's race.

69. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

70. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
**Violation of Title VII of The Civil Rights Act of 1964**
**(Race-Based Harassment)**

71. Plaintiff repeats and re-alleges paragraphs 1-56 as if fully stated herein.

72. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

73. Defendant knew or should have known of the harassment.

74. The race-based harassment was severe or pervasive.

75. The race-based harassment was offensive subjectively and objectively.

76. The race-based harassment was unwelcomed.

8

77.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., due to Plaintiff's race, African-American.

78.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

79.     As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT IV**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

80.     Plaintiff repeats and re-alleges paragraphs 1-56 he as if fully stated herein.

81.     Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, et seq.

82.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race discrimination or race-based harassment.

83.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

84.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination or harassment.

85.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

86.     Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

87.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on

9

Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

88. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

89. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT V
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

90. Plaintiff repeats and re-alleges paragraphs 1-56 as if fully stated herein.

91. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

92. Plaintiff met or exceeded performance expectations.

93. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

94. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

95. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

96. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

97. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

10

98.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT VI
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

99.    Plaintiff repeats and re-alleges paragraphs 1-56 as if fully stated herein.

100.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq.

101.    Plaintiff is a qualified individual with a disability.

102.    Defendant was aware of the disability and the need for accommodations.

103.    Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

104.    Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

105.    Defendant did not accommodate Plaintiff's disability.

106.    Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq., due to Plaintiff's disability.

107.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

108.    As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress,

11

humiliation, and loss of enjoyment of life.

### COUNT VII
### Violation of Americans with Disabilities Act
### (Disability-Based Harassment)

109.    Plaintiff repeats and re-alleges paragraphs 1-56 as if fully stated herein.

110.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

111.    Defendant knew or should have known of the harassment.

112.    The disability-based harassment was severe or pervasive.

113.    The disability-based harassment was offensive subjectively and objectively.

114.    Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

115.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

116.    As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT VIII
### Violation of the Americans with Disabilities Act
### (Retaliation)

117.    Plaintiff repeats and re-alleges paragraphs 1-56 as if fully stated herein.

118.    Plaintiff is a member of a protected class under 42 U.S.C. §12101, et seq.

119.    During Plaintiff's employment with Defendant, Plaintiff requested and utilized reasonable accommodations.

120. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

121. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting and utilizing reasonable accommodation(s), thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

122. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

123. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

124. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay with benefits;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

13

h.　Award Plaintiff any and all other such relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 7th day of May, 2024.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
IL Bar No.: 99843
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575-8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

14