# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **DARSITY DONABY,** | ) |
| Plaintiff, | ) Case No. 3:24-cv-03105-CRL-EIL |
| v. | ) |
| **SWIFT PORK COMPANY,** | ) |
| Defendant. | ) |

## DECLARATION OF MATTHEW M. MORRISON

I, Matthew M. Morrison, am over the age of 18 years old. I make this declaration in connection with the Motion to Enforce Oral Settlement Agreement and Dismiss Plaintiff's Claims with Prejudice ("Motion") filed by Defendant Swift Pork Company ("Swift"). I have personal knowledge of the following facts and, if sworn as a witness, I would testify competently to the following:

1. I am an attorney at the law firm of Spencer Fane LLP, and I am lead counsel in this matter for Defendant Swift.

2. Swift and Plaintiff Darsity Donaby (together, the "Parties") completed an initial round of written discovery in late August 2024 and, in early September 2024, began to confer regarding several discovery disputes, as well as Swift's intention to file a motion for partial judgment on the pleadings that would seek to dismiss five of Donaby's claims in this case.

3. On Friday, September 13, 2024 – a few days after these conferrals began – Plaintiff's counsel Nathan Volheim contacted me to schedule a call regarding a potential settlement. The call was held on Monday, September 16, 2024.

4. During the call, Mr. Volheim stated that Donaby would agree to settle and dismiss all her claims in this case in exchange for a payment of $25,000. Mr. Volheim explained during the call that he had personally spoken with Donaby and she was adamant that she would not accept anything less $25,000 to settle and dismiss her claims. Mr. Volheim, accordingly, stated that he could only offer to settle this matter for $25,000. No conditions were attached to the offer and – in particular – the offer was not conditioned on the execution of a written settlement agreement.

5. On September 23, 2024, I informed Mr. Volheim that Swift would accept Donaby's offer and agree to pay her $25,000 in exchange for a settlement and release of her claims. Swift did not condition its acceptance on the execution of a written settlement agreement.

6. Thereafter, I asked Plaintiff's counsel how the settlement payment should be allocated between attorneys' fees and costs and Donaby's alleged damages. Mr. Volheim's co-counsel, Travis Lampert, responded that that $10,472.50 should be allocated to attorneys' fees and costs, with remainder of the $25,000 settlement allocated to Donaby's alleged lost wages and non-economic damages.

7. I then provided Plaintiff's counsel with a draft written settlement agreement on September 24, 2024.

8. Over the next month, I left several messages with Plaintiff's counsel requesting an update on whether Donaby had signed the written settlement agreement.

9. On November 1, 2024, Mr. Lampert called me and explained that Donaby was refusing to sign the Parties' written agreement despite his attempts to get her to sign the agreement and explaining to her that an oral agreement would likely be enforced. During the call, Mr. Lampert further explained that Plaintiff's counsel would be withdrawing from the case and would be asserting a lien on any settlement payments eventually paid to Donaby.

10. On November 6, 2024, Plaintiff's counsel filed a purported lien with the Court and emailed me a letter stating that Plaintiff's counsel was asserting a lien in the amount of $10,472.50 on any settlement payment issued to Donaby. Exhibit 2 to Defendant's Memorandum in support of the Motion is a true and correct copy of the letter sent by Plaintiff's counsel.

11. On November 6, 2024, Plaintiff's counsel also filed a motion to withdraw as counsel for Plaintiff. The motion was denied based on a failure by Plaintiff's counsel to give Donaby proper notice of the motion. A subsequent motion to withdraw was filed by Plaintiff's counsel on November 8, 2024, but it was denied by the Court the same day for failing to comply with applicable withdrawal requirements. Plaintiff's counsel attempted a third motion to withdraw on November 21, 2024, which the Court denied the following day for failing to provide a certification "that plaintiff received the notice of withdrawal by certified mail or that plaintiff acknowledged electronic receipt of the notification." As I have explained to Plaintiff's counsel, as a professional courtesy, Swift has postposed filing a motion to enforce the Parties' oral settlement agreement until Plaintiff's counsel has withdrawn from this case, given the apparent conflict of interest that has arisen between Donaby and her counsel regarding this issue.

12. A status conference was held with Magistrate Judge McNaught on December 16, 2024.

13. As I recall, the Parties' counsel explained the foregoing facts to Magistrate Judge McNaught, the fact that Defendant's intended to file a motion to enforce the Parties' oral settlement agreement, and the fact that Plaintiff's counsel intended to file a renewed motion to withdrawal. Magistrate Judge McNaught then offered to hold a conference call with the Parties' counsel and Donaby before her retirement to address the situation. Plaintiff's counsel, Mr. Volheim, stated that he would discuss it with Donaby. However, on December 30, 2024, Plaintiff's counsel, Mr. Travis,

informed me that Donaby's participation in a call with Magistrate Judge McNaught would not be possible.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on January 15, 2025, in Denver, Colorado.

.                                    SPENCER FANE LLP

By: */s/ Matthew M. Morrison*
Matthew M. Morrison
mmorrison@spencerfane.com
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800

Attorneys for Defendant
SWIFT PORK COMPANY